USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
: 
DENEENE WASHINGTON, :
:
:
Plaintiff, :
: 18-cv-11441 (LJL)
-v- :
: ORDER
:
NAOMI BERRIE DIABETES CENTER, et al., :
:
Defendants. :
:
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     By motion dated May 24, 2021, Plaintiff requested that the Court appoint counsel to represent her in this case. Plaintiff is currently represented by counsel, who has made a limited appearance for settlement purposes only.

     A district court has "broad discretion" to decide whether to seek pro bono representation for a civil litigant. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). However, "a court has no authority to 'appoint' counsel, but instead, may only 'request' that an attorney volunteer to represent a litigant." *Vann v. Sudranski*, 2020 WL 8679706, at *1 (S.D.N.Y. July 8, 2020) (quoting *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989)). Because "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-73 (2d Cir. 1989), "[c]ourts must request the services of pro bono counsel sparingly, and with reference to public benefit." *Vann*, 2020 WL 8679706, at *1.

     The Second Circuit has set forth factors to guide a court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915 in *Hodge*. Under *Hodge*, the first question is whether the litigant's claims "seems likely to be of substance." *Hodge*, 802 F.2d at 61. If the court determines that the claims have substance, the court should consider other factors including: "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172. Plaintiff has not made a showing at this time sufficient to warrant a request that counsel appear to try the case for her. The Court, however, has appointed counsel on a limited basis to try to settle this case.

     All dates previously set in this case are adjourned pending the outcome of the settlement discussions. If settlement discussions are unsuccessful, new dates will be set promptly at the conclusion of the discussions.

     SO ORDERED.

Dated: May 25, 2021
      New York, New York

                                                       LEWIS J. LIMAN
                                                 United States District Judge